IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WALTER EMANUEL ELLMAN, JR., | * | |
| Appellant | * | |
| v. | * | CIVIL NO. JKB-11-3428 |
| MARC H. BAER, | * | |
| Appellee | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Introduction*

This case comes before this Court on appeal from the United States Bankruptcy Court for the District of Maryland ("the Bankruptcy Court"), case no. DER-10-38887. *Pro se* Debtor Walter Emanuel Ellman ("Appellant") appeals the grant of the Bankruptcy Court, per Bankruptcy Judge David E. Rice (Bankr. ECF No. 85), of Trustee Marc H. Baer's ("Appellee's") Motion for Turnover of Property (Bankr. ECF No. 28). This Court has accepted certain of Appellant's documents (ECF No. 4) as part of the record on appeal. (ECF No. 5.) Appellant has submitted another document (ECF No. 9), styled as a brief, which the Court will consider. Appellee has moved (ECF No. 7) to have this Court accept his Memorandum from the proceedings in Bankruptcy Court (Bankr. ECF No. 79) in lieu of a new brief. (ECF No. 7.) Appellant has not opposed this motion, and this Court sees no reason for denying it. Therefore, this Court will grant Appellee's Motion, and Appellee's Memorandum from the Bankruptcy Court (Bankr. ECF No. 79) will be made a part of the record on appeal. This Court has jurisdiction under 28 U.S.C. § 158(a)(1). With the submission of the aforementioned documents,

the matter is fully briefed, and no hearing is required, Local Rule 105.6 (D. Md. 2011). For the following reasons, the Court will affirm the judgment of the Bankruptcy Court for the District of Maryland, DER-10-38887.

## II. Facts

The following facts are taken from the Bankruptcy Judge's Memorandum of Decision and are not in dispute. Appellant is a special education teacher in the Baltimore County Public Schools. (Mem. of Decision, Bankr. ECF No. 85, at 2.) Appellant filed a Chapter 7 bankruptcy petition on December 27, 2010 (*id.*), at which time his monthly expenses exceeded his monthly income by approximately $1200 (*id.* 2, 3). Appellant received worker's compensation benefits from February through June in 2011 due to an injury suffered while he broke up a fight at work. (*Id.* 2.) Although Appellant has applied for disability retirement due to his injury, which deprived him of the use of his left arm (*id.* 2, 3), he had no source of income as of September 8, 2011 (*id.* 3). Appellant received a federal income tax refund of $15,827 in February 2011 for the year 2010 ("the tax refund" or "the refund"). (*Id.* 2.) Appellant uses his tax refund to support himself during the summer, when he does not work. (*See id.*)

The refund is the subject of the current dispute. Appellee contends (*see, e.g.*, Appellee's Mem., Bankr. ECF No. 79), and the Bankruptcy Court agrees (*see* Mem. of Decision), that the refund (minus exemptions available to Appellant) is property of Appellant's bankruptcy estate and therefore subject to seizure by Appellee under 11 U.S.C. § 541(a). The Bankruptcy Court initially granted Appellee's Motion for Turnover to the extent of $4837 ($15,827 minus $10,990 in unused exemptions). (*See* Mem. of Decision 1, 7.) After a hearing on Appellant's Motion for Reconsideration, the amount was adjusted to $4615, pursuant to *In re Verill*, 17 B.R. 652 (Bankr. D. Md. 1982), to account for the fact that the last five days of 2010 were post-petition days. (*See*

Mem. of Decision 7 & n.4.)[1]  Appellant argues (ECF No. 9) that the Motion for Turnover should have been denied on the ground that the tax refund was necessary to pay Appellant's "basic living expenses."

## III.  Standard of Review

According to 28 U.S.C. § 158(b)(2) and (b)(2)(E), an order to turn over property of the bankruptcy estate is a "core proceeding arising under Title 11."  A Bankruptcy Court may enter "appropriate orders and judgments" in such proceedings, which are subject to review under § 158.  Section 157(b)(1).  Section 158(a)(1), in turn, gives jurisdiction to the United States District Courts over appeals "from final judgments, orders, and decrees" by bankruptcy courts.  A district court reviewing a decision of a bankruptcy court reviews questions of law de novo.  *See In re Merry-Go-Round Enters.*, 400 F.3d 219, 224 ("We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court" (citing *Three Sisters Partners, L.L.C. v. Harden (In re Shangri-La, Inc.)*, 167 F.3d 843, 847 (4th Cir. 1999))).

## IV.  Analysis

Appellant asserts several points of error on the part of the Bankruptcy Court.  These points raise essentially the same issue:  whether a court should exempt money from inclusion in the bankruptcy estate (and thus keep it under the debtor's control and out of the hands of the trustee) because such money is required for the debtor's "basic living expenses."  (*See, e.g.*, Appellant's Brief 2, ECF No. 9.)  The parties each rely on *Kokoszka v. Belford*, 417 U.S. 642 (1972), for their respective positions.  In the holding of *Kokoszka* relevant to this case, the

---

[1] This reduction is based on application of the "pro rata by days" rule.  *See, e.g.*, 17 B.R. at 655.  Appellant has not disputed the Bankruptcy Court's calculation under this rule.

Supreme Court decided that the debtor's tax refund was "property" within the meaning of § 70(a)(5) of the (now former) Bankruptcy Code.[2]

According to the Court, the purpose of § 70(a)(5) was "to secure for creditors everything of value the [debtor] may possess in alienable or leviable form when he files his petition." *Segal v. Rochelle*, 382 U.S. 375, 379 (1966). If anything, the Bankruptcy Reform Act of 1978 made the purpose of the current § 541(a)(1) broader than that of the former § 70(a)(5). *See In re Blair*, 151 B.R. 849 (Bankr. S.D. Ohio 1992). In any case, the *Segal* Court noted: "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." 382 U.S. at 379. On the other hand, another purpose of bankruptcy is "to leave the [debtor] free after the date of his petition to accumulate new wealth in the future." *Id.* Therefore, certain items, such as future wages, do not become property of the estate. *Id.* 379–80. The *Segal* Court found the tax refund at issue in that case to be "sufficiently rooted in the [debtors'] pre-bankruptcy past and so little entangled with [their] ability to make an unencumbered fresh start" that it was property of the estate. *Id.* at 380. In *Lines v. Frederick*, 400 U.S. 18 (1970), on the other hand, the Court distinguished *Segal* in holding that vacation pay to which the debtors were entitled was not part of their bankruptcy estates. In contrast to *Segal*, where the assets of a failed business were being distributed to creditors, *Lines* involved debtors "whose sole source of income, before and after bankruptcy, [was] their weekly earnings." 400 U.S. at 19–20. Because accrued vacation pay was "part of [the debtors'] wages" and its function was "to support the basic requirements of life for [the debtors] and their families during brief vacation periods or in the event of layoff," the debtors were entitled to keep the vacation pay out of creditors' hands. *Id.* at 20.

---

[2] The analogous provision of the current Title 11 is § 541(a)(1), which defines the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case" except as specifically provided elsewhere in § 541.

Appellant argues that the *Kokoszka* Court did not decide that a tax refund *per se* was property of the estate. (Appellant's Brief 2.) In Appellant's view, the *Kokoszka* Court ruled in favor of the trustee because it found the tax refund not to be "wage based." (*Id.* 2–3.) Appellant compares his situation to the facts of *Lines*, arguing that his tax refund is required for his basic living expenses and is therefore out of his creditors' reach. (*See, e.g.*, *id.* 2–3.) According to Appellant, he regularly uses his tax refunds to pay his own and his family's living expenses during the two and a half months of the year when he is not paid. (*E.g.*, *id.* 6.) In Appellant's view, his use of tax refunds makes such refunds comparable to the vacation pay in *Lines* that was excluded from the *Lines* debtors' bankruptcy estates. (*See id.* 7–8.) In short, Appellant would have this Court look to the use to which a debtor puts a tax refund, rather than simply the fact that money comes in the form of a tax refund, to decide this appeal.

Appellant makes a reasonable argument, but the law does not support it. The Court has found no case, either in the Fourth Circuit or in any other Circuit, in which a court has found a tax refund based on a debtor's pre-petition income not to be property of the bankruptcy estate, unless the debtor had irrevocably applied the tax refund to prepayment of future taxes. *See In re Graves*, 609 F.3d 1153, 1156 (10th Cir. 2010). Even in *Graves*, the court held that any future tax refund based on the debtors' pre-petition income would become property of the estate. *Id.* On the other hand, a majority of the Courts of Appeals have included tax refunds of pre-petition income in bankruptcy estates. *E.g.*, *In re Meyers*, 616 F.3d 626, 630 (7th Cir. 2010) (applying "pro rata by days" method for calculating what portion of debtor's tax refund was subject to turnover); *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007) ("A debtor's anticipated tax refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the bankruptcy estate"); *Nichols v. Birdsell*, 491 F.3d 987, 990 (9th Cir. 2007) ("dollar-

for-dollar tax reduction" that IRS had granted to debtors as a result of overpayment in the previous year was property of the estate); *In re Luongo*, 259 F.3d 323, 330 n.4 (5th Cir. 2001) ("any overpayment [of income taxes] made by [plaintiff] occurred prepetition and any right to a refund is therefore property of the estate"); *In re Montgomery*, 224 F.3d 1193, 1195–96 (10th Cir. 2000) (treating earned income tax credits as tax refunds and including them in bankruptcy estate); *In re Johnston*, 209 F.3d 611, 613 (6th Cir. 2000) (same); *Turshen v. Chapman*, 823 F.2d 836, 838–39 (4th Cir. 1987) (tax refunds "clearly were not post-petition income"); *Matter of Doan*, 672 F.2d 831, 833 (11th Cir. 1982) (holding that tax refund was part of bankruptcy estate but allowing debtors to exempt it from collection).[3] Obviously, *Chapman* is most important to this Court among the cases listed above.

In short, the case law in this Circuit and many others characterizes a tax refund as property of a debtor's bankruptcy estate. The Bankruptcy Court for the District of Maryland applied such case law in *In re Fishbein*, 245 B.R. 36 (2000), and *In re Verill*, 17 B.R. 652 (1982). Appellant claims that *Fishbein* stands for the proposition "that the criteria [sic] for determining if a tax refund is exempt from [a] Trustee's seizure is whether it is [for] Basic Life Support for the Debtor [wage earner]." (Appellant's Brief 4 (capitalization as in original; final brackets in original).) *Fishbein* sets out no such rule. The passage that Appellant quotes was actually taken from *Kokoszka* (the Supreme Court, in turn, took the quote from the Second Circuit opinion below). *See In re Kokoszka*, 479 F.2d 990, 995 (2d Cir. 1973) (quoted in 417 U.S. at 648 (quoted in 245 B.R. at 38)). Rather than making an implied distinction between

---

[3] The trustee in *Doan* "[did] not contest that the claim [for exemption of the tax refund], if permitted, should be granted." 672 F.2d at 833 n.1. However, it was the trustee's decision whether or not to allow the claim. *See id.* (citing Bankruptcy Rules 110 and 403). The court did not give its own opinion on whether the claim should have been granted (the exemption might have been based on Alabama law); it ruled only on whether the debtors were allowed to make the claim. *See* 672 F.3d at 833. Regardless, even if the Eleventh Circuit disagrees with the rest of the Circuits on the status of tax refunds in a bankruptcy case, that fact alone does not change this Court's ruling.

tax refunds used for a debtor's basic living expenses and those used for other purposes, *Fishbein* treats all tax refunds in the same manner—as money that is not "disposable wages." *See* 245 B.R. at 38.  In a very useful analogy, *Kokoszka* compares a tax refund to a savings account, which is functionally similar and is not exempt from § 541(a).  417 U.S. at 648.

Appellant is correct to point out that one purpose of the Bankruptcy Code is to provide an individual with the opportunity to make a fresh start financially.  (*E.g.*, Appellant's Brief 4.)  However, there are other important purposes of the Code, such as the gathering and distribution of a debtor's assets to his creditors.  This Court may not "enlarge [an] exemption" in a debtor's favor to help his fresh start at creditors' expense.  (Mem. Op., Bankr. ECF No. 84 at 3 (quoting *Shirkey v. Leake*, 715 F.2d 859, 862 (4th Cir. 1983))).

## V. Conclusion

For the foregoing reasons, the Court will grant Appellee's motion (ECF No. 7) to allow his legal memorandum (Bankr. ECF No. 79) in lieu of a formal brief and will affirm the judgment of the United States Bankruptcy Court for the District of Maryland, case no. DER-10-38887.

DATED this  1st  day of February, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge